**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JAMES ADAM HIRSH,**<br><br>  **Plaintiff,**<br><br>  v.<br><br>**MIDLAND CREDIT MANAGEMENT, INC.,**<br><br>  **Defendant.** | Case No. 20-CV-1104-JAR-KGG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Midland Credit Management's Motion to Dismiss for Failure to State a Claim (Doc. 12). Plaintiff James Adam Hirsh, who proceeds *pro se*, has not filed a response and the time to do so has expired. Defendant's motion to dismiss is **granted** as uncontested. The Court also grants Defendant's motion because Plaintiff has not stated a claim upon which relief can be granted for his federal claims, and because the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

**I.    Legal Standard**

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[1] and must include "enough facts to state a claim for relief that is plausible on its face."[2] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[3] The plausibility standard

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[2] *Id*. at 570.

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[4] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[5] Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[6]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[7] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[8] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

Finally, because Plaintiff is a *pro se* litigant, the Court will construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[11]

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[5] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[6] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[7] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[8] *Id.* at 678–79.

[9] *Id*. at 679.

[10] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

[11] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[12] The Court need only accept as true the plaintiff's "well-pleaded factual connections, not his conclusory allegations."[13]

## II.    Factual and Procedural Background

All of Plaintiff's claims arise from Defendant's efforts to collect a debt owed by Plaintiff. Plaintiff filed his original Complaint in the District Court of Sedgwick County, Kansas, on March 18, 2020 alleging that

> [o]n 12/2/19 I contacted defendant and spoke with a Doug about a debt he said was place there 11/20/19/ but he demanded immediate payment on two occasions in violation of 15 USC Section 1692g by overshadowing my 30 dispute window. As such, demand is made for $1,000.00 as specified by the [Fair Debt Collection Practices Act ("FDCPA")].[14]

On April 20, 2020, Defendant removed this action under 28 U.S.C. § 1441.[15] Plaintiff filed an Amended Complaint on April 27, 2020, that incorporated his FDCPA claim in the original Complaint and asserted three new claims under the Fair Credit Reporting Act ("FCRA"),[16] the Kansas Consumer Protection Act ("KCPA"),[17] and a Kansas common law claim for intentional infliction of emotional distress.

In his Amended Complaint, Plaintiff alleges that he told Doug during the December 2, 2019 phone call that he thought the card on which debt was owed included an "optional insurance policy which would pay off the card in the event plaintiff became unemployed or

---

[12] *Id.*

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[14] Doc. 8-1 at 2; *See* 15 U.S.C. § 1692, *et. seq.*

[15] *See* Doc. 1.

[16] 15 U.S.C. § 1681, *et. seq.*

[17] K.S.A. § 50-623, *et. seq.*

disabled."[18]  Defendant took no action to resolve or report the dispute after Plaintiff asked about the policy.  At some point in the call, Plaintiff made Defendant aware he suffered from mental and emotional instability and had a history of hospitalization and attempted suicide.  Yet, Defendant continued to use "collection tactics" accusing plaintiff of "doing something wrong, being a bad person, and other emotional appeals that were clearly unconscionable."[19]  In April of 2020, the insurance policy paid off the account in its entirety.  As a result of Defendant's inaction, Plaintiff's credit score was damaged, and Plaintiff suffered "stress, anxiety, and emotional distress."[20]

### III. Discussion

Defendant filed its motion to dismiss for failure to state a claim on May 11, 2020, arguing Plaintiff failed to plead essential elements on all four causes of action and that his FCRA and KCPA claims fail as a matter of law.  Plaintiff has not responded to Defendant's motion to dismiss, leaving Defendant's motion uncontested.  As a result of Plaintiff's failure to respond, the Court grants Defendant's motion.  Further, the Court grants Defendants' motion to dismiss because Plaintiff fails to state a claim under Federal law, and because it declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

#### A. Failure to Oppose Defendant's Motion to Dismiss

On May 11, 2020, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[21]  Plaintiff's response was due 21 days

---

[18] Doc. 11 at 1.

[19] *Id.*

[20] *Id.*

[21] Doc. 12.

4

later on June 1, 2020.[22] To date, Plaintiff has not responded to Defendant's motion to dismiss. In the event a party fails to respond to a dispositive motion, the local rules provide the party has waived the right to file a response except upon a showing of excusable neglect.[23] Absent a showing of excusable neglect, "the court will consider and decide the motion as an uncontested motion" and "[o]rdinarily, the court will grant the motion without further notice."[24]

Because plaintiff failed to respond to Defendant's motion to dismiss within 21 days and has not made a showing of excusable neglect, the Court grants Defendant's motion as uncontested.

### B. Failure to State a Claim Upon Which Relief Can be Granted

In addition to dismissing Plaintiff's claims due to failure to contest Defendant's motion, the Court concludes that Plaintiff's Complaint and Amended Complaint fail to state claims under the FDCPA and FCRA.

#### 1. FDCPA

To establish violation of the FDCPA, Plaintiff must show that (1) he is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the debt at issue arises out of a transaction entered into primarily for personal, family, or household purposes; (3) Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) Defendant, through its acts or omissions, violated a provision of the FDCPA.[25]

Plaintiff fails to plead facts in support of any element required to state a claim under the FDCPA. He offers no factual support that he is a "consumer," that Defendant is a "debt

---

[22] *See* D. Kan. R. 6.1(d)(2).

[23] D. Kan. R. 7.4.

[24] *Id.*

[25] *See Deporter v. Credit Bureau of Carbon City Cty.*, No. 14-cv-00882-KMT, 2015 WL 1932336, at *3 (D. Colo. Apr. 28, 2015).

collector," or that the debt arises out of a transaction primarily for personal, family, or household purposes, and the Court disregards these assertions as legal conclusions.[26]

Further, Plaintiff fails to show Defendant violated § 1692g by "overshadowing [his] 30 day dispute window" when it demanded immediate payment of his debt.[27] If a consumer notifies a debt collector within thirty days of their "initial communication" that the consumer disputes any portion of the debt, then under § 1692g "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgement [against the consumer]."[28] Here, Plaintiff does not allege that he notified Defendant in writing of the dispute to trigger the obligation under § 1692g(b) to temporarily cease collection of the debt. Accordingly, this claim is also dismissed for failure to state a claim under the FDCPA.

### 2. FCRA

The FCRA was enacted, in part, to address "unfair credit reporting methods" and requires "that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer."[29] A consumer report includes a communication of information by a consumer reporting agency related to a consumer's "character, general reputation, [and] personal characteristics."[30]

---

[26] *See Eliker v. Nelnet*, No. 17-01208-EFM-GEB, 2018 WL 1566644, at *2 (D. Kan. Mar. 30, 2018) (finding Plaintiff's allegations that he is a "consumer" and that defendant is a "debt collector" without any factual support amounted to legal conclusions).

[27] Doc. 1-1 at 2.

[28] 15 U.S.C. § 1692g(a)(4), (b).

[29] 15 U.S.C. § 1681(a)(1), (b).

[30] 15 U.S.C. § 1681a(d)(1).

Plaintiff does not mention his credit or consumer report in the Amended Complaint and does not cite to a specific provision of the FCRA. It is not "the proper function of the district court to assume the role of advocate for the pro se litigant, and the Court declines to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues or "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[31] Because Plaintiff only alleges that Defendant failed to "initiate dispute protocols" under the FCRA he fails to state a claim for relief under the FCRA.[32]

### C. No Supplemental Jurisdiction Over State Law Claims

Plaintiff's remaining claims for violation of the KCPA and intentional infliction of emotion distress are brought under Kansas state law. The Court may decline to exercise supplemental jurisdiction if only issues of state law remain after the court has dismissed all federal claims.[33] Supplemental jurisdiction "is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants."[34] Ordinarily, if no federal claims remain before trial, the court should decline to exercise supplemental jurisdiction over the remaining state law claims.[35]

Because the Court finds all of Plaintiff's federal claims are subject to dismissal, the Court exercises its discretion and declines to assert supplemental jurisdiction over Plaintiff's remaining state law claims.

---

[31] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[32] Doc. 11 at 1.

[33] 28 U.S.C. § 1367(c)(3).

[34] *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997); *see Brooks v. Gaenzle*, 614 F.3d 1213, 1229–30 (10th Cir. 2010).

[35] *Id.*

7

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 12) is **granted**.  This case is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: June 29, 2020

S/ Julie A. Robinson  
JULIE A. ROBINSON  
CHIEF UNITED STATES DISTRICT JUDGE